IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| CHEP USA, | § § § | |
| Plaintiff, | § § | |
| v. | § | 1:22-CV-843-RP |
| COBRA STONE INC, | § § § | |
| Defendant. | § § | |

## ORDER

Before the Court is Plaintiff CHEP USA's ("CHEP") Motion for Preliminary Injunction, (Dkt. 13), and Application for Writ of Sequestration, (Dkt. 14). The parties filed responsive briefing, (Dkts. 16, 17), and the Court held a hearing on the motion, (Dkt. 19). Having considered the briefing, the arguments made at the hearing, the evidence, and the relevant law, the Court will deny the motion.

## I. BACKGROUND

This case involves wooden shipping and construction pallets. CHEP is a company that rents shipping pallets to manufacturers. (Compl., Dkt. 1, at 4). The pallets are painted a distinctive blue color and labeled with CHEP's name, logo, and phone number. (*Id.* at 6). The approximate value of each pallet is $30.00. (*Id.* at 7). According to CHEP, maintaining a sizeable pallet pool is important for its commercial success. (*Id.* at 5). CHEP claims that, to protect its pallet pool, it carefully tracks its rented pallets and never sells them to other manufacturers or retailers. (*Id.* at 5–7).

CHEP alleges that Defendant Cobra Stone Inc. ("Cobra Stone") has unlawfully acquired and retained some of CHEP's pallets. (*Id.* at 7–8). Cobra Stone is a natural stone business. It is undisputed that Cobra Stone possesses blue pallets labeled "Property of CHEP." (Mot. Prelim. Inj.,

1

Dkt. 13, at 5). Cobra Stone claims that it is a bona fide purchaser of the pallets because it acquired them through either pallet recyclers or through stone deliveries it has received. (Resp., Dkt. 18, at 2).

CHEP filed its original complaint on August 19, 2022. (Dkt. 1). CHEP then filed this motion for preliminary injunction and application for writ of sequestration on January 11, 2023. (Dkts. 13, 14). After the parties filed their responsive briefing, (Dkts. 16, 17), the Court held a hearing on the motion on February 22, 2023, (Dkt. 19). At the hearing, the Court ordered the parties to confer to determine whether they could reach an agreement regarding the pallets. The parties notified the court on March 7, 2023, that they had failed to reach a settlement. (Dkt. 32).

## II. LEGAL STANDARD

A preliminary injunction is an extraordinary remedy, and the decision to grant such relief is to be treated as the exception rather than the rule. *Valley v. Rapides Par. Sch. Bd.*, 118 F.3d 1047, 1050 (5th Cir. 1997). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). The party seeking injunctive relief carries the burden of persuasion on all four requirements. *PCI Transp. Inc. v. W. R.R. Co.*, 418 F.3d 535, 545 (5th Cir. 2005).

Under Section 62.001 of the Texas Civil Practice & Remedies Code, sequestration is available when "the suit is for title or possession of personal property . . . and a reasonable conclusion may be drawn that there is immediate danger that the defendant or party in possession of the property will conceal, dispose of, ill-treat, waste, or destroy the property or remove it from the county during the suit." Tex. Civ. Prac. & Rem. § 62.001(1). "Sequestration is an extraordinary pre-judgment writ." *Baragas v. Coupland State Bank*, No. 03-01-00098-CV, 2001 WL 1509972, at *1 n.3 (Tex. App.—Austin Nov. 29, 2001, no pet.). Damage or depreciation from merely using property in

the ordinary manner will not amount to immediate danger within the meaning of the statute. *See Commercial Acceptance Tr. v. Parmer*, 241 S.W. 586, 589 (Tex. App.—Fort Worth 1922, writ ref'd); *Halff Co. v. Waugh*, 183 S.W. 839, 844 (Tex. App.—Galveston 1916, writ ref'd).

### III. DISCUSSION

#### A. CHEP USA Is Not Entitled to a Preliminary Injunction

CHEP seeks an injunction prohibiting Cobra Stone from acquiring, receiving, using, or disposing of CHEP pallets until this Court enters final judgment. (Mot., Dkt. 13, at 11–12). Here, the Court's analysis begins and ends with its finding that CHEP has not met its burden to show that it is likely to suffer irreparable harm.

CHEP argues that there is evidence that Defendants are destroying CHEP pallets, and that it is suffering irreparable harm because "[o]nce dismantled and destroyed, CHEP is permanently losing property." (*Id.* at 15). Assuming, arguendo, that CHEP had presented enough evidence that Cobra Stone was destroying the pallets, CHEP does not dispute that the pallets have a discernable monetary value; accordingly, CHEP can be compensated for any destroyed pallets. Furthermore, CHEP's witnesses testified that the company experiences some amount of pallet loss through the regular course of business, and that these are not the only pallets CHEP has tried to recover. In fact, the company has an entire recovery team available for these issues. To the extent that the loss of some pallets could result in any loss of business, CHEP cannot tie the loss to these specific pallets, and in any case, the loss is merely speculative.

CHEP also argues that "the supply chain that relies upon CHEP's pallet pool" would be irreparably harmed by a decrease in the supply of pallets, and that it is "seeking to protect its reputation and the reputation of CHEP pallets." (*Id.*). Like the potential loss of business from the loss of these pallets, "irreparable harm" to CHEP's reputation or to other companies is speculative,

and CHEP has not presented any evidence of how harm to third parties translates to irreparable harm to the company.

Because CHEP has not met its burden to show that there is a substantial likelihood of irreparable harm, a preliminary injunction is not warranted at this time, and the Court will deny CHEP's motion.

### B. CHEP is not Entitled to a Writ of Sequestration

CHEP also asks the Court to issue a writ of sequestration because "there is immediate danger that Defendant has been and will continue to conceal, dispose of, ill-treat, waste, and/or destroy CHEP's pallets." (App., Dkt. 14, at 9). CHEP claims that there is evidence that some of its pallets have been sold to third parties and that CHEP has destroyed some pallets already. (*Id.*; Mot., Dkt. 13, at 15). However, it is undisputed that Cobra Stone is simply using the pallets for their regular purpose of shipping goods. The evidence shows any alleged harm has occurred through the ordinary use of the pallets. *See Parmer*, 241 S.W. at 589; *Halff Co.*, 183 S.W. at 844. Because wear and tear or depreciation from ordinary use is not sufficient to warrant a writ of sequestration, the Court will deny Plaintiff's application.

### IV. CONCLUSION

For these reasons, **IT IS ORDERED** that CHEP USA's Motion for Preliminary Injunction, (Dkt. 13), is **DENIED**.

**IT IS FURTHER ORDERED** that CHEP USA's Application for Writ of Sequestration, (Dkt. 14), is **DENIED.**

**SIGNED** on May 12, 2023.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE